OPINION
{¶ 1} Harry W. Anderson, Jr., appeals from a decision of the Greene County Court of Common Pleas, which overruled his motion to withdraw his plea of guilty.
 {¶ 2} On July 2, 2002, Anderson was indicted for robbery, a felony of the third degree. He filed a Notice of Alibi, and on August 28, 2002, he moved to suppress all of the statements that he made to the police and any and all photographic line-up evidence. After several continuances, a hearing on the motion to suppress was scheduled for November 27, 2002. On that date, rather than pursuing his suppression motion, Anderson pled guilty to the robbery charge, pursuant to a plea agreement with the state. As alluded to in the record, in January, 2003, Judge Reid, the judge who had presided over the plea hearing, retired, and Judge Wolaver became the presiding judge. On January 20, 2003, Anderson moved with new counsel to withdraw his guilty plea, arguing that his original trial counsel had been ineffective so that he "misunderstood" the nature of his charges and the consequences of his plea. On February 21, 2003, the court conducted an evidentiary hearing on the motion. Anderson asserted that his original attorney had promised him that he would receive community control and the Monday Program, and that he would not be parole violated. On February 28, 2003, the trial court overruled the motion to withdraw plea, crediting the testimony of Anderson's original counsel that he had not been promised a particular sentence. The court further concluded that Anderson's "testimony and demeanor during the hearing was an attempt to hide his `extensive' experience in the criminal justice system" and that his claims of innocence were not credible. Anderson was subsequently sentenced to two years of incarceration.
 {¶ 3} Anderson asserts two assignments of error on appeal, which we will address together.
 {¶ 4} "In overruling appellant's motion to withdraw his guilty plea the trial court abused it's [sic] discretion and violated the principles of statue [sic] and stare decisis."
 {¶ 5} "The findings of the trial court regarding representations made to appellant were against the manifest weight of the evidence."
 {¶ 6} Pre-sentence motions to withdraw a plea should be liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph 1 of the syllabus; State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Xie, supra. A decision to allow the withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court. Xie, supra, paragraph 2 of the syllabus; State v. Perdue, Montgomery App. No. 19267, 2003-Ohio-6244, ¶ 17. "[A] trial court will not be found to have abused its discretion in denying a motion to withdraw a plea where (1) the accused is represented by highly competent counsel, (2) the accused received a full hearing pursuant to Crim.R. 11, (3) the accused is given a complete and impartial hearing on the motion to withdraw after it is filed, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Ramos, Montgomery App. No. 19429, 2003-Ohio-2086, ¶ 8. "Generally, a defendant is not allowed to withdrawal [sic] a guilty plea prior to sentencing just because he is made aware that a subjectively unexpected sentence is going to be imposed." Uribe, supra (citations omitted).
 {¶ 7} In his first assignment of error, Anderson asserts that the trial judge had suggested that he receive drug treatment rather than imprisonment; that his original trial counsel, Linda Cushman, "guaranteed" probation; and that the parole office had assured Cushman that if the trial judge did not sentence him to prison, his parole would not be revoked. Anderson argues that "considering the misleading representations under which Anderson's guilty plea was given, it is clear that said plea was not `knowingly and freely given' as mandated by Rule 11(C) of the Ohio Rules of Criminal Procedure." In his second assignment of error, Anderson asserts that the trial court's ruling on his motion to withdraw plea erroneously concluded: "His [Anderson's] attorney advised him that if he did not go to prison he would likely not be revoked,however that is the extent of the discussion." (emphasis added by appellant).
 {¶ 8} During the plea hearing, the trial court asked Anderson a series of questions to ascertain whether his plea of guilty was knowingly and freely given. Anderson represented to the court that he could read, write and understand English, that he was pleading guilty voluntarily, and that he had not been coerced. He stated that he had not had any drugs or alcoholic beverage within the last seven days and was not, at that time, under the influence of alcohol or drugs. Anderson further indicated that he had reviewed the plea agreement with his attorney. When asked whether there was anything he did not understand, he stated: "No, sir. I understood it quite well." The trial court inquired whether Anderson was "completely satisfied with the legal services that [Cushman] has provided to you," to which he answered "Yes, your honor." After reviewing the recommended sentence by the state, Anderson was able to tell the court that the maximum authorized sentence was five years of imprisonment and the maximum authorized fine was $10,000. The trial court then asked:
 {¶ 9} "THE COURT: That's correct. So knowing you could be sentenced to prison up to five years or fined up to $10,000 or both, do you wish to plead guilty?
 {¶ 10} "The defendant: Yes, sir."
 {¶ 11} The plea agreement that Anderson signed further indicated that the trial court was not bound by the sentencing recommendation by the state, which consisted of Anderson being screened for the Monday Program and being placed on community control, with two years as the underlying sentence.
 {¶ 12} At the hearing on the motion to withdraw plea, Anderson testified that Cushman "guaranteed me that I won't be paroled violated before I signed this paper [the plea form]." As to the Monday Program, he stated: "I think they recommended me to be screened for it. Well, at the time I was under the impression I was being guaranteed the program, yes." Anderson further testified that when he entered the plea, he "was just barely paying attention to what they were saying." Anderson indicated that he had an alibi and that he did not commit the offense. He agreed to everything he was asked, including whether he had committed the offense, "just to get the hearing over with" and to "go ahead and start the deal."
 {¶ 13} Cushman also testified during the hearing on the motion to withdraw plea. She stated that she and Anderson "read through everything" and that he had signed each page of the plea agreement after it had been read. Cushman testified that she discussed the maximum penalties with Anderson "many times" and that she would have reviewed the paragraph concerning parole revocation with him. Cushman stated that she informed Anderson that she had had a conversation with a gentleman from the parole office, and that she had been told that if Anderson received a sentence where he did not "set foot in a prison" then the parole office would not necessarily revoke his parole. As for the deal with the state, Cushman testified that she did not say the result was guaranteed. She testified:
 {¶ 14} "I was very happy when I came out of our meeting with Judge Reid. I told him [Anderson] — he had known that I had — about my conversation with the parole person. I told him that in our negotiations in chambers that Judge Reid, in fact, was the person who suggested that he did not have to go back to prison, that he needed to learn how to become a member of society. I told him that although you had wanted or the State had wanted him to go to prison, that the Judge actually was the one that suggested that he go to the Monday Program, that he didn't need to go back to prison. So I did let him know what the Judge said.
 {¶ 15} "I told him that this was the offer that, or this was the recommendation of the State and I did let him know that it basically came from the Judge's mouth, and I did tell him as we went over this that the Judge could not and would not promise that, but I told him that odds were excellent since the Judge had suggested it."
 {¶ 16} Based on the testimony at the plea and motion hearings, we find no abuse of discretion in the trial court's determination to overrule Anderson's motion. Anderson was afforded a full and impartial hearing both in accordance with Crim.R. 11 and on his motion to withdraw plea. The trial court found Anderson's original trial attorney to be highly competent, and it credited her testimony at the motion hearing that she had gone over the plea form with him. Although Cushman clearly indicated to Anderson that there was a strong possibility that Judge Reid would not require Anderson to serve a period of incarceration, she testified that she did not guarantee such a result and the plea form, which she indicated that she had reviewed with Anderson and Anderson had signed, specifically stated that the judge need not follow the state's recommendation. At the plea hearing, Anderson had stated that he had reviewed the plea agreement with his counsel and that he had entered into the plea voluntarily. He was able to provide the court with an accurate statement of the potential maximum period of incarceration and fine. Based on these representations, the trial court reasonably concluded that Anderson had understood the terms of the plea agreement and that his alleged lack of understanding at the motion hearing lacked credibility. Under these circumstances, the trial court did not abuse its discretion when it decided not to permit Anderson to withdraw his guilty plea.
 {¶ 17} Anderson asserts, as further evidence that the trial court "failed to give full and fair consideration" to his request to withdraw his plea, that the court relied upon information in the presentence investigation report (along with his admission of guilty at the plea hearing) and discredited his claim of innocence. As discussed above, the trial court had sufficient bases to conclude that Anderson's guilty plea was knowingly and voluntarily given, and the court was free to conclude that his claim of innocence did not warrant the granting of Anderson's motion to withdrawal plea.
 {¶ 18} In his second assignment of error, Anderson claims that the trial court incorrectly concluded that "The Defendant claims that he was guaranteed he would not be parole violated by his attorney. His attorney advised him that if he did not go to prison he would likely not be revoked, however that is the extent of the discussion." Anderson argues that his attorney said much more to him, including that Judge Reid had suggested that he receive community control sanctions and drug treatment and that, with such a sentence, the parole officer represented that Anderson's parole would not be revoked.
 {¶ 19} As noted by the state, the quoted language is neither the trial court's summary of all of the relevant statements made to Anderson by Cushman nor its final ruling on the motion. Rather, the trial court was specifically addressing Anderson's claim that he was guaranteed that he would not be parole violated. The record supports the trial court's conclusion that Anderson had not been "guaranteed" that he would not be parole violated; rather, Cushman had related her conversation with the parole office that he would not necessarily have his parole revoked if his sentence did not require incarceration.
 {¶ 20} Moreover, the trial court specifically addressed Anderson's contention that he had been promised community control sanctions and drug treatment. The trial court found that "[h]is attorney told him `the odds looked excellent' however the court does not find this is a reason to allow the plea to be withdrawn. This defendant has a lengthy felony criminal history and has been to prison many times. His testimony and demeanor during the hearing was an attempt to hide his `extensive' experience in the criminal justice system." The court further addressed Anderson's claim of innocence and found it an insufficient basis for granting the motion to withdraw his guilty plea. The court concluded that Anderson had had a change of heart and that he should not be permitted to withdraw his plea "just because he is made aware that an unexpected sentence is going to be imposed."
 {¶ 21} Accordingly, the trial court addressed each of the claims raised by Anderson. The portion of the trial court's ruling quoted by Anderson is not against the manifest weight of the evidence.
 {¶ 22} The assignments of error are overruled.
 {¶ 23} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.